D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

**ADRIAN CANALIZO, on behalf of himself and others similarly situated,**

**Plaintiff,**

**v.**

**OSTERIA LAGUNA LLC, and MADDALENA CINQUE,**

**Defendants.**

---------------------------------------------------------x

**CASE NO. 1:26-cv-4777**

**<u>COMPLAINT</u>**

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Osteria Laguna, LLC ("Osteria Laguna") is a New York limited liability company. Defendant Osteria Laguna owns and operates Osteria Laguna restaurant in midtown Manhattan.

5. Osteria Laguna has an annual gross volume of sales in excess of $500,000.

6. Osteria Laguna has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

7. Defendant Maddalena Cinque owns and operates Osteria Laguna. Ms. Cinque actively manages the restaurant and its employees on a day-to-day basis. She is responsible for opening and closing the restaurant and scheduling employees to work. Ms. Cinque has and exercises the authority to hire and fire restaurant employees. For example, Ms. Cinque hired Plaintiff and terminated his employment. Ms. Cinque has ultimate authority over restaurant employees' hours of work and rates of pay.

8. Plaintiff Adrian Canalizo worked for Defendants as a server from 2008 to May 2026.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all employees employed by Defendants as bussers on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of misappropriating a portion of their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

**<u>RULE 23 CLASS ALLEGATIONS – NEW YORK</u>**

12. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants at Osteria Laguna Trattoria on or after the date that is six years before the filing of this Complaint (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

15. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage compensation and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class members within

the meaning of the New York law.

b. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c. Whether Defendants paid Plaintiff and the Class members the applicable minimum wage for all hours worked.

d. Whether Plaintiff and the Class members were properly paid for overtime.

e. Whether Defendants retained a portion of Plaintiff's and the Class members' gratuities.

f. Whether Defendants provided Plaintiffs and Class members with the proper wage notices and wage statement.

## FACTS

20. Plaintiff's Consent to Sue form is attached as Exhibit A.

21. Plaintiff worked as a busser for Defendants.

22. Defendants paid Plaintiff for his hours worked at the New York foodservice workers' minimum wage, which is lower than the full NY minimum wage.

23. However, Defendants were not entitled to pay Plaintiff pursuant to the foodservice workers' minimum wage because they did not give Plaintiff notice of the tip credit.

24. Plaintiff and other bussers were regularly required to perform deliveries for Defendants.

25. When delivery customers left tips for delivery people through the app they used to order their food, Defendants did not distribute such tips to the delivery people in their entirety.

26. Plaintiff did not receive upon hire or at any later point a notice and acknowledgment of pay rate in Spanish—his primary language—as required by New York law.

27. Had Plaintiff been provided accurate information with respect to the full minimum wage and the tip credit being applied to his wage and received a notice and acknowledgment of pay rate, he would have asserted his rights under the NYLL at an earlier time.

28. In addition, because Defendants did not provide Plaintiff with a proper written wage notice, Defendants' use of a tip credit was an underpayment of wages. In other words, Defendants' violation of the New York Labor Law's wage notice requirement resulted in Plaintiff being paid less than he was entitled to.

29. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

32. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

33. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

34. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA,

attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiff on Behalf of Himself and the NYLL Class)**

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. Defendants willfully retained/misappropriated portions of Plaintiff's and Class Members' tips.

37. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**New York Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*, 12 NYCRR §§ 1.3, 2.2**
**(Brought by Plaintiff on behalf of himself and the NYLL Class)**

38. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

39. Defendants knowingly paid Plaintiff and Class Members less than the New York State minimum wage for all hours worked.

40. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**(Brought by Plaintiff on behalf of himself and the NYLL Class)**

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42. Defendants did not provide Plaintiff and Class members with the notices required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates.

43. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: June 5, 2026
New York, NY

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and Proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.